***E-FILED 10-27-2011***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROLYN A. MITCHELL,<br><br>    Plaintiff,<br>  v.<br>RICHARD ROCHA and DOES 1-15,<br>    Defendants.<br>_____/ | No. C10-03424 EJD (HRL)<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR MENTAL EXAM**<br><br>**[Re: Docket No. 31]** |

    This civil rights action arises out of an incident between plaintiff Carolyn Mitchell and defendant Richard Rocha at a state park in Aptos, California. Mitchell claims that defendant violated her constitutional rights to be free from excessive force, unlawful arrest and incarceration. She also asserts related state law claims for intentional/negligent infliction of emotional distress; assault and battery; and false arrest/false imprisonment.

    Pursuant to Fed. R. Civ. P. 35, defendant moves for an order compelling plaintiff to submit to a mental examination. Plaintiff evidently refuses to stipulate to an examination. However, this court is told that she also did not participate in the preparation of a Discovery Dispute Joint Report required by the undersigned's Standing Order re Civil Discovery Disputes. Nor has she responded to defendant's report re this discovery dispute. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of defendant's report, defendant's request is granted.

For good cause shown, the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1); Ford v. Contra Costa County, 179 F.R.D. 579 (N.D. Cal. 1998) ("It is well established that a party seeking to compel the psychiatric evaluation of an adverse party must demonstrate that (1) the adverse party's mental condition is in controversy and (2) there is good cause for the examination."). The party moving to compel the examination bears the burden of establishing the "in controversy" and "good cause" requirements. Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S. Ct. 234, 13 L.Ed.2d 152 (1964). "Most cases in which courts have ordered mental examinations pursuant to Rule 35(a) involve something more than just a claim of emotional distress." Turner v. Imperial Stores, 161 F.R.D. 89, 93 (S.D. Cal. 1995). Cases suggest that a plaintiff will be ordered to undergo a mental examination where, in addition to a claim of emotional distress, the case involves (1) a claim for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe distress; (4) the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that her mental condition is "in controversy" within the meaning of Fed. R. Civ. P. 35. Id. at 95; see also Ford, 179 F.R.D. at 580 (same).

Here, Mitchell apparently will not concede that her mental condition is "in controversy." And, it is not apparent that she alleges a specific mental or psychiatric disorder. But, the allegations of her complaint indicate that she is seeking damages for more than mere "garden variety" distress. She asserts a claim for negligent/intentional infliction of emotional distress. She expressly alleges "severe" emotional distress and mental anguish; claims that she has been "injured in mind"; asserts that she has been "prevented from attending to her usual business"; says that she suffers "great mental, physical and nervous pain"; states that she has incurred and will continue to incur expenses for "medical treatment and psychological counseling"; and alleges that her claimed injuries "will result in some permanent disability to her." (See Dkt. No. 9, First Amended Complaint).

On the record presented, the court finds that plaintiff has put her mental condition "in controversy" and that good cause therefore exists for a mental examination. As discussed above, plaintiff did not address the logistics of the exam proposed by defendant. Accordingly, defendant's request will be granted, largely as proposed by defendant. However, the court will give plaintiff the option of submitting to the examination either at defense counsel's offices or at Dr. Keram's office. Additionally, the court has modified defendant's proposal to clarify that no one may accompany plaintiff while the actual examination and tests are being conducted (i.e., if plaintiff needs or wants someone to accompany her to the testing location, that is permissible).

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff shall appear for and submit to a psychiatric mental examination to be conducted by Dr. Emily A. Keram, represented to the court to be a duly licensed psychiatrist specializing in forensic psychiatry. Plaintiff shall have the option of submitting to the examination either at defense counsel's office or at Dr. Keram's office. The examination shall be conducted at a date and time mutually agreed upon by the parties, but shall be conducted no later than **November 30, 2011**.

2. The examination shall consist of those procedures and diagnostic tests generally accepted by the medical community as reasonably necessary to accurately evaluate and clearly delineate the nature, severity, or extent of plaintiff's alleged psychiatric and emotional injuries. These tests shall be in no way painful, intrusive, or protracted and shall last only so long as reasonably necessary.

3. No person may accompany plaintiff while the actual examination and tests are being conducted.

Dated: October 27, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1 5:10-cv-03424-EJD Notice has been electronically mailed to:

2 Harry T. (Chip) Gower , III    harry.gower@doj.ca.gov, james.mirarchi@doj.ca.gov

3 Kathleen Wells    lioness@got.net

4 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.