United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROLYN A. MITCHELL,<br><br>   Plaintiff(s),<br>v.<br>RICHARD ROCHA, et. al.,<br><br>   Defendant(s).<br>_____/ | CASE NO. 5:10-cv-03424 EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RELIEVE COUNSEL AND EXTEND TIME FOR DISCOVERY**<br><br>[Docket Item No. 50] |

Presently before the court is Plaintiff Carolyn A. Mitchell's ("Plaintiff") motion to relieve her current attorney, Kate Wells ("Wells"), as her counsel for this action. See Docket Item No. 50. Having reviewed Plaintiff's moving papers along with Wells' written response, the motion will be denied.

**I.   BACKGROUND**

On August 4, 2010, Plaintiff filed a Complaint for violation of civil rights and related claims against Defendants Richard Rocha ("Rocha") and the California Department of Parks and Recreation. See Docket Item No. 1. Plaintiff alleges she was falsely arrested by Rocha, a State Parks Ranger, and suffered both physical and emotional injury as a result. See id., at ¶¶ 24-40.

Wells signed the original Complaint on behalf of Plaintiff as her attorney, and thereafter filed a First Amended Complaint on November 17, 2010. See Docket Item Nos. 1, 9. Wells filed a motion to withdraw as Plaintiff's attorney on September 9, 2011, but subsequently withdrew that motion on October 17, 2011. See Docket Item Nos. 43-45. As such, Wells has continually

1
CASE NO. 5:10-cv-03424 EJD
ORDER DENYING PLAINTIFF'S MOTION TO RELIEVE COUNSEL AND EXTEND TIME FOR DISCOVERY

represented Plaintiff in these proceedings.

On August 3, 2011, Rocha filed a motion for an order that Plaintiff submit to a mental examination. See Docket Item No. 31. Rocha argued such an order was necessary because Plaintiff would not authorize release of her medical records and would not voluntarily submit to the examination. See id. Magistrate Judge Howard R. Lloyd granted Rocha's motion on October 27, 2011, having determined that Plaintiff placed her mental state at issue. See Docket Item No. 46. Judge Lloyd ordered the examination to be completed no later than December 23, 2011. See Docket Item No. 49.

Plaintiff now seeks an order from this court relieving Wells as her attorney. She contends, in an unsworn document, that Wells "has not informed Plaintiff of important dates, continually has not represented the wishes of [Plaintiff]" and "has not informed or communicated with [Plaintiff] how the case is progressing despite many requests via email and phone." She further contends that Wells "makes decisions without informing or consulting [Plaintiff]" and does not "listen to or adhere to [Plaintiff's] requests regarding discovery."

Wells disputes each of these allegations and has stated in a sworn declaration that she has always "represented [Plaintiff's] best interests despite her accusations to the contrary." See Docket Item No. 53. Regarding her prior motion to withdraw, Wells states she withdrew that motion after Plaintiff apologized for her past behavior and requested that Wells continue to represent her. See id. She further states that over the last 30 years of her legal practice, she has never before been "at odds" with a client. See id.

## II. DISCUSSION

In this District, attorneys representing parties to a civil case are subject to Civil Local Rule 11-5, which states:

> Counsel may not withdraw from an action until relieved by order of the court after written notice has been given reasonable in advance to the client and to all other parties who have appeared in this action.

Rule 11-5 is most often invoked when, as its plain language implies, an attorney seeks an order allowing them to terminate the representative relationship. The district court is due "considerable deference" when considering such a request. Whiting v. Lacara, 187 F.3d 317, 320

2
CASE NO. 5:10-cv-03424 EJD
ORDER DENYING PLAINTIFF'S MOTION TO RELIEVE COUNSEL AND EXTEND TIME FOR DISCOVERY

(2nd Cir. 1999).  This is because the "trial judge is closest to the parties and the facts."  Id.

This motion, however, presents a different scenario.  Here, it is the client - rather than her attorney - who seeks an order terminating the attorney-client relationship.  This specific type of motion is uncommon in a civil case since, absent very particular circumstances inapplicable here, a client may discharge an attorney at any time for any reason, and may do so without a court order when both the client and the attorney agree.  See Cal. Code Civ. Proc. § 284 ("The attorney in an action or special proceeding may be changed at any time before or after judgment of final determination....Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes."); Forslund v. Forslund, 225 Cal. App. 2d 476, 488 (1964) ("A client can discharge his attorney of record at any time and substitute another in his place."), superseded by statute on other grounds, Cal. Civ. Code § 4600, as recognized in Marriage of Carlson, 229 Cal. App. 3d 1330 (1991).[1]  Here, Wells apparently agrees with Plaintiff's desire to terminate her representation in this case as demonstrated by the executed Substitution of Attorney form provided to Plaintiff with the response to this motion.  See Docket Item No. 53, at Ex. A.  Thus, Plaintiff's signature on that form would presumably render this motion moot.

But since Plaintiff has presented the issue to the court for resolution, the court will do so. The court finds that Plaintiff's motion does not establish good cause *for an order* relieving her attorney.  Indeed, all of Plaintiff's unsworn accusations are contradicted and explained by Wells in her response and declaration, which the court finds credible.  Furthermore, the court is not inclined to indulge what appears to be an impulsive decision by Plaintiff to file this motion while Wells took a short time away from her legal practice to deal with a personal matter.  Plaintiff has previously changed her position concerning Wells' representation in the past and may have done so again upon her return.  Notably, a Substitution of Attorney form has not be filed by Plaintiff despite a signed copy being provided to her.  Without a doubt, this issue is much better suited to a voluntary substitution with all parties satisfied with and in control of the resulting circumstances.

---

[1] This court requires compliance with the standards of professional conduct required of members of the State Bar of California.  See Civ. L.R. 11-4(a)(1).  For this reason, the court applies California law regulating the legal profession in addressing issues of attorney representation.

Accordingly, the relief requested by Plaintiff will be denied to allow her time to contemplate whether she will effectuate a voluntary change in her representation.

Since Plaintiff is still represented by counsel in this case, the motion to compel purportedly filed by Plaintiff *in pro se* (Docket Item No. 51) must be summarily terminated. While the court recognizes Plaintiff's right to represent herself, she must resolve the representation issue before making requests of this type. Until then, all motions pertaining to discovery or other similar issues must be presented through her attorney.

### III. ORDER

Based on the foregoing, Plaintiff's Motion to Relieve Counsel is DENIED.

Her additional request to extend discovery is also DENIED WITHOUT PREJUDICE as Plaintiff has failed to show good cause for such an extension. This request may be renewed, either by Plaintiff, her current attorney, or a subsequent attorney, once the issue of Plaintiff's representation is resolved.

The Motion to Compel (Docket Item No. 51) is TERMINATED.

**IT IS SO ORDERED.**

Dated: December 14, 2011

EDWARD J. DAVILA
United States District Judge